JUDGMENT (Accepting Appeal & Scheduling Order; Denying Appeal)
PER CURIAM.
On October 8, 2013, the Appellants, Money Centers of America, Inc. and MCA of Wisconsin, Inc. (hereafter, “Appellants”) filed a timely appeal of a final Trial Court judgment issued on September 9, 2013. HCN R.App. P, 7(a); HCN R. Civ. P. 80(A)(1), available at http://www.ho-chunknation.com/TPageld=123. “Any party to a civil action ... who is dissatisfied with [a] judgment ,.. may appeal to the Supreme Court.” HCN Const., art. VII, § 14, available at http://www.ho-ehunknation.com/?PageId=294. Presumptively, “this Court is required to accept appeals which state an appealable issue.” Deena M. Basina v. William P. Smith, SU 00-08 (HCN S.Ct., July 13, 2000) at 2. The Court, however, has consistently construed the constitutional right to appeal as applying only to a review of final judgments. HCN R.App, P. 7; see also, e.g., Stewart Miller v. Ho-Chunk Nation et al., SU 99-08 (HCN S.Ct., Sept. 15, 1999).
On October 9, 2013, Appellee Ho-Chunk Nation[1] filed an appeal from an April 15, 2013 Summary Judgment Order in the same case. While the Constitu *102 tion “confers the right to appeal ,that power is circumscribed by the procedures set out in the HCN Rules of Appellate Procedure— [A]ny party who seeks an appeal must abide by the procedural rules established by this Court...,” Bonnie Smith v. HCN Gaming Comm’n, SU 01-03 (HCN S.Ct., Mar. 16, 2001) at 1 (citing HCN Const., art. VII, § 7(b)). In this sense, “[a]ppeals are not automatically a matter of right but are within the Court’s discretion. The HCN R.App. P. provides the guidelines as to how parties file an appeal.” Veronica L. Wilber v. Ho-Chunk Nation, SU 04-02 (HCN S.Ct., Apr. 14, 2004) at 2. The Court may decline to accept an appeal for failure to adhere to clear procedural requisites. See Gale S. White v. Jean Day et al., CV 07-54 (HCN Tr. Ct, Dec. 9, 2008) at 16-17. “This Court, despite its infancy, must require those who come into our court system to follow our rules and requirements.” Leigh Stephen et al. v. Ho-Chunk Nation, SU 99-01 (HCN S.Ct., Mar. 23, 1999) at 3.

I.Notice of Appeal Filed by Money Center of America, Inc. and MCA of Wisconsin, Inc.

In the instant case, the Notice of Appeal was filed by Appellants on October 8, 2013. The matter came before the Court for discussion on October 9, 2013. Associate Justice Trida Zunker, Associate Justice Todd Matha and Chief Justice Mary Jo Hunter reviewed the matter and perceived no appellate procedural violations. As a result, this appeal filed by Money Center of America and MCA of Wisconsin is accepted.
Additionally, Associate Justice Todd Ma-tha has had prior minimal contact with Appellant MCA in Justice Maths’s capacity as Solicitor General for the Mille Lacs Band and has recused himself. Therefore, this Court requires that the Ho-Chunk Nation Legislature appoint a Justice Pro Tempore pursuant to the Ho-Chunk Nation Constitution, art. VII, § 13.

II. Notice of Appeal Filed By Ho-Chunk Nation

Further, the appeal filed by Appel-lee Ho-Chunk Nation on October 9, 2013 came before the Court for discussion between Chief Justice Mary Jo Hunter and Associate Justice Trida Zunker on October 11, 2013. The Notice of Appeal raises two issues, both of which were addressed in the Summary Judgment Order in this case. See Ho-Chunk Nation v. Money Center of America, Inc. et al, SU 13-03, (HCN S. Ct, May 15, 2013) at 20-22. The Summary Judgment Order denying motions for summary judgment was issued on April 15, 2013. The decision issued on April 15, 2013 represented a nonfinal judgment permitting appeal to the Supreme Court within ten calendar days after entry of such an order. HCN R.App. P. 8. The time limit for appeal ran on April 25, 2013 at 4:30 p.m. In fact, Appellee attempted to file an appeal on April 25, 2013, but it was received at 5:15 p.m. and denied for untimely appeal. See Ho-Chunk Nation v. Money Center of America, Inc. et al., SU 13-03, (HCN S.Ct., May 15, 2013) at 1.
The Court is denying the request for appeal submitted by Appellee Ho-Chunk Nation on October 9, 2013. The basis for this decision lies in the procedurally defective manner in which the Notice of Appeal was filed as it was submitted untimely.

III. Orders of the Court

A. With respect to the Notice of Appeal filed by Appellants Money Center of America and MCA on October 8, 2013, the Court hereby ORDERS:
• That this matter is accepted for appeal.
*103 • That the briefs should be filed in accordance with the HCN Rules of Appellate Procedure, Rule 12.
• Upon appointment of the Justice Pro Tempore, this Court will set a date for oral argument.
B. With respect to the Notice of Appeal filed by Appellee Ho-Chunk Nation on October 9, 2013, the Court hereby ORDERS:
• That this matter is denied for appeal in accordance with the HCN Rules of Appellate Procedure, Rule 8.
EGI HESKEKJBT.

. Ho-Chunk Nation filed an appeal one day after Notice of Appeal was filed by Money Center of America, Inc., and MCA of Wisconsin, Inc. and is determined the Appellee for purposes of this Order. Under Ho-Chunk Nation Rules of Appellate Procedure, Rule 7(b)2, "the party taking the appeal shall be referred to as the Appellant; all other parties shall be referred to as Appellees.” Further, the Federal Rule of Appellate Procedure state that "[t]he party who files a notice of appeal first is the appellant” for purposes of cross-appeals. Fed. R.App. P. 28.1(b).